# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| WILLIAM R. BRADLEY, JR., | Case No. 1:09-cv-721 |
| Plaintiff, | Chief Judge Susan J. Dlott |
| | Magistrate Judge Timothy S. Black |
| vs. | |
| SHAUN DONOVAN, SECRETARY OF HUD, | |
| Defendant. | |

## REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO DISMISS (Doc. 6) BE DENIED

Plaintiff initiated this action on October 7, 2009 by filing a *pro se* complaint (Doc. 3) against the U.S. Department of Housing and Urban Development ("HUD"), stemming from alleged improper lending practices. Now before the Court is Defendant's motion to dismiss (Doc. 6) and Plaintiff's responsive memorandum (Doc. 7).

Pursuant to Federal Rules of Civil Procedure 4(i) and (m), Plaintiff was required to perfect service on the United States within 120 days, or by February 4, 2010. Plaintiff sent copies of the Complaint to HUD, but failed to serve the U.S. Attorney or the U.S. Attorney General. Because service of process was not perfected in accordance with the provisions of Fed. R. Civ. P. 4, Defendant filed this motion to dismiss.

Pursuant to Fed. R. Civ. P. 4(i), two levels of service of process are required in

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

actions against federal officers: (1) a copy of the summons and complaint must be sent by registered or certified mail to such officer; and (2) service must be made upon the United States in conformity with Rule 4(i)(1). Service upon the United States requires: (1) personal or mail service of the summons and complaint on the United States Attorney in the district in which the action is filed; and (2) the mailing of a copy of the summons and complaint by registered or certified mail to the Attorney General of the United States in Washington, D.C.

In the instant case, Plaintiff has failed to obtain service on the proper governmental entities. Although Federal Defendant HUD received a copy of the complaint and a notice of lawsuit and request for waiver of service and summons on November 12, 2009 by regular U.S. mail, Plaintiff has not served the Attorney General of the United States of America and the United States Attorney.

The Federal Rules of Civil Procedure regarding service on the United States are mandatory. *Sanchez-Mariani v. Ellingwood*, 691 F.2d 592, 594 (1st Cir. 1982); *Wallace v. Cannon*, 357 F.2d 557 (8th Cir. 1966); *Messenger v. United States*, 231 F.2d 328 (2nd Cir. 1956). If the requirements for valid service of process specified in the Federal Rules of Civil Procedure have not been met, then the Court cannot acquire jurisdiction over the defendant and the action must be dismissed. *Light v. Wolf*, 816 F.2d 746 (D.C. Cir. 1987); *Queens County Group of Savings & Loan Assn. v. Home Loan Bank Bd.*, 104 F. Supp. 396 (E.D. N.Y. 1952).

Moreover, pursuant to Fed. R. Civ. P. 4(m), a Plaintiff must complete service in the manner directed by Rule 4(i) within 120 days of the filing of the complaint. The law is clear in the Sixth Circuit that a suit is properly dismissed where service has not been made within 120 days and there has been no showing of good cause why service has not been perfected. *See Moncrief v. Stone*, 961 F.2d 595 (6th Cir. 1992); *Wilson v. Grumman Ohio* Corp., 656 F. Supp. 689 (N.D. Ohio 1985), aff'd, 815 F.2d 26 (6th Cir. 1987); *Sorrells v. Gattison*, 644 F. Supp. 124, 126 (N.D. Ohio 1986).

However, in consideration of the well established legal principal that cases should be decided on the merits and not on procedural technicalities, Plaintiff should have additional time to perfect service. *See, e.g., Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). Taking into consideration Plaintiff's *pro se* status and his apparent difficulty in discerning the rules, the undersigned finds that a short additional time period within which Plaintiff must perfect service will not prejudice Defendant.

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Defendant's motion to dismiss (Doc. 6) be **DENIED,** and Plaintiff should be granted **21 DAYS** to perfect service upon the Attorney General of the United States of America and the United States Attorney. If Plaintiff were subsequently to fail to perfect service timely, the undersigned would recommend that this civil action be dismissed for lack of service.

Date: April 5, 2010                                          s/ Timothy S. Black
                                                                                            Timothy S. Black
                                                                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| WILLIAM R. BRADLEY, JR., | : | Case No. 1:09-cv-721 |
| | : | |
| Plaintiff, | : | Chief Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| SHAUN DONOVAN, SECRETARY OF HUD, | : | |
| | : | |
| Defendant. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **14 DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **14 DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).